People v Jones (2026 NY Slip Op 01324)

People v Jones

2026 NY Slip Op 01324

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Webber, J.P., Scarpulla, González, Rodriguez, Higgitt, JJ. 

Ind. No. 73673/23|Appeal No. 6060|Case No. 2024-02449|

[*1]The People of the State of New York, Respondent,
vShawndelle Jones, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Ben A. Schatz of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Michelle Pomerantz of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Raymond L. Bruce, J.), rendered March 15, 2024, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to five years of probation, unanimously modified, on the law, to the extent of striking the condition "[r]efrain[ing] from using cannabis and concentrated cannabis," and otherwise affirmed.
We find no basis for reducing defendant's sentence.
Defendant's constitutional challenge to the condition of probation that requires him to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and [] not consort with disreputable people," is unpreserved and we decline to review it in the interest of justice (see People v Cabrera, 41 NY3d 35, 42-51 [2023]). Nevertheless, defendant argues that condition 7 should be struck as unnecessary and unrelated to his rehabilitation. Initially, this issue does not require preservation (see People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied 44 NY3d 1012 [2025]; People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]). Further, despite the People's lack of appellate argument in opposition, the sentencing court providently found that condition 7 is reasonably related to defendant's rehabilitation (see People v Lombard, 241 AD3d 1126 [1st Dept 2025]; Lowndes, 239 AD3d at 575).
However, the probation condition which requires defendant to "[r]efrain from using cannabis and concentrated cannabis," is not reasonably related to his rehabilitation. Nothing in the record demonstrates that abstaining from marijuana is reasonably related to his crime of attempted gun possession. The presentence report reflects that defendant stopped using marijuana in 2022 and was not under the influence of marijuana when he possessed the gun. Thus, that condition is stricken. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026