People v Gomez

2026 NY Slip Op 02472

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Yanil Heredia Gomez, Defendant-Appellant.

Decided and Entered: April 23, 2026

Ind No. 70847/22|Appeal No. 6455M-1205|Case No. 2025-00902|

Before: Manzanet-Daniels, J.P., Kennedy, González, Pitt-Burke, Rosado, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Laura M. McFeely of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Oliver Lee of counsel), for respondent.

[*1]

Judgment, Supreme Court, Bronx County (Tara A. Collins, J.), rendered December 19, 2022, convicting defendant, upon his plea of guilty, of attempted assault in the second degree, and sentencing him to a term of five years of probation, unanimously modified, on the law, to the extent of striking the portion of the condition of probation requiring that he consent to a search by a probation officer of his person, vehicle, or place of abode for illegal drugs and drug paraphernalia, and striking the conditions of probation requiring him to support dependents and meet other family responsibilities, refrain from wearing or displaying gang paraphernalia or having any association with a gang or members of a gang, submit to electronic monitoring, install a functioning Ignition Interlock Device, refrain from using or entering any Metropolitan Transportation Authority subway, train, bus, or other conveyance or facility, and refrain from using cannabis, and otherwise affirmed.

Defendant validly waived his right of appeal, which tracked the model colloquy the Court of Appeals endorsed in People v Thomas (34 NY3d 545, 567 [2019], cert denied 589 US 1302 [2020]) (see People v Nunez, 220 AD3d 597, 597-598 [1st Dept 2023], lv denied 41 NY3d 1004 [2024]). Defendant's waiver forecloses review of his excessive sentence claim. In any event, we perceive no basis for reducing the sentence.

Defendant's valid waiver also forecloses review of his as-applied challenges to probation conditions 7 and 24 under the First Amendment and the vagueness doctrine of due process under the Fifth and Fourteenth Amendments (see People v Lombard, 241 AD3d 1126, 1126 [1st Dept 2025]). To the extent that defendant asserts facial constitutional challenges to conditions 7 and 24, his claims survive his appeal waiver (see People v Johnson, — NY3d —, 2025 NY Slip Op 06528, *2 [2025]). However, defendant's constitutional challenges are unpreserved because he did not raise them before the trial court (see People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to reach them in the interest of justice. As an alternative holding, we find them unavailing.

Defendant's non-constitutional challenges to his probation conditions survive his waiver of the right to appeal and do not require preservation because the "issue implicates the legality of the sentence imposed" (People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]).

The court providently imposed condition 7, requiring him to "[a]void injurious or vicious habits," to "refrain from frequenting unlawful or disreputable places," and not to "consort with disreputable people," based on defendant's acting in concert with another to assault the victim with a large piece of wood, along with defendant's admitted daily alcohol use and association with negative peers (see People v Casillas, 245 AD3d 525, 526 [1st Dept 2026]; People v Rivera, 242 AD3d 421, 422 [1st Dept 2025], lv denied 44 NY3d 1067 [2026]).

[*2]

The court providently imposed condition 13, requiring defendant to maintain "suitable employment, or pursue a course of study or vocational training approved by the Department of Probation," and to "[s]ubmit proof of such employment, study or training as directed by the Department of Probation," based on his failure to register with the New York City school system despite his stated goal of attaining a high school diploma and becoming a physical education teacher.

However, the court improvidently imposed the portion of condition 28 authorizing warrantless searches by a probation officer for illegal drugs and drug paraphernalia because it was not reasonably related to defendant's rehabilitation (see People v Rivera, 239 AD3d 521, 522 [1st Dept 2025], lv denied 44 NY3d 1029 [2025]; People v Thomas, 233 AD3d 568, 569 [1st Dept 2024], lv denied 43 NY3d 932 [2025]). Defendant's crime "did not appear connected to the sale or use of drugs, he was not under the influence of any substance when he committed the offense, and he had no history of offenses involving substance abuse" (Rivera, 239 AD3d at 522[internal quotation marks omitted]).

Additionally, there is no evidence to support requiring defendant, who has no spouse or children, to "[s]upport dependents and meet other family responsibilities" (see Penal Law § 65.10[2][f]; People v Tompson, 245 AD3d 609, 610 [1st Dept 2026]). There is also no evidence to support requiring defendant to "[r]efrain from wearing or displaying gang paraphernalia and having any association with a gang or members of a gang if directed by the Department of Probation" because "[t]here is no evidence that his actions were connected to gang activity, or that defendant had a history of gang membership," and defendant denied any gang affiliation (People v Vasquetelles, 241 AD3d 1208, 1209 [1st Dept 2025], lv denied 44 NY3d 1054 [2025]).

We strike the condition requiring defendant to "[s]ubmit to electronic monitoring and/or follow a schedule pursuant to Penal Law [§] 65.10(4)" since the court did not make the required determination as to electronic monitoring under Penal Law § 65.10(4) (see People v Fitch, 170 AD3d 1572, 1574 [4th Dept 2019], lv denied 33 NY3d 1069 [2019]).

There was no evidence that defendant was driving while intoxicated, and thus, no evidence to support requiring him to "[i]nstall or have installed and maintain a functioning Ignition Interlock Device" (cf. People v Andrus, 241 AD3d 447, 447-448 [1st Dept 2025]). Nor was there any evidence to justify requiring defendant to "[r]efrain from using or entering any Metropolitan Transportation Authority subway, train, bus, or other conveyance or facility for a period of up to three years" (Alvarez, 233 AD3d at 620), because defendant did not commit the crime on public transit. Finally, there was no evidence that defendant used cannabis and thus no evidence to support requiring
[*3]
him to refrain from using cannabis or concentrated cannabis (see People v Jones, — AD3d —, 2026 NY Slip Op 01324, *1 [1st Dept 2026]).

M-1205 — The People of the State of New York v Yanil Heredia Gomez

Motion by defendant to strike the references in the People's
brief to the minutes of the grand jury proceeding, granted.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026